IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. LEHN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BEAU A. LEHN, APPELLANT.


Filed April 2, 2019.    No. A-18-508.


Appeal from the District Court for Hall County, TERESA K. LUTHER, Judge, on appeal thereto from the County Court for Hall County, ARTHUR S. WETZEL, Judge. Judgment of District Court affirmed.

Charles R. Maser for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.


MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Following a bench trial, the county court for Hall County found Beau A. Lehn guilty of domestic assault in the third degree (first offense) and sentenced him to 30 days' imprisonment. Lehn appealed to the Hall County District Court, challenging his conviction and sentence; he also claimed he received ineffective assistance of trial counsel. Lehn appeals from the district court's order which affirmed the county court's judgment and found no merit to Lehn's ineffective assistance of counsel claim. We affirm.

## BACKGROUND

On December 11, 2016, Lehn and Yiho Frances got into an argument about an alarm system Lehn was trying to install. Lehn ended up throwing "a thing of duct tape" at Frances, hitting

- 1 -

her in the leg, and the police were called. The State subsequently charged Lehn in the county court with one count of domestic assault in the third degree (first offense). The State alleged that Lehn intentionally and knowingly caused bodily injury to his intimate partner or threatened his intimate partner with imminent bodily injury; the victim being Frances.

A bench trial was held on August 28, 2017. Both Frances and Lehn generally testified about the argument they had about an alarm system Lehn was trying to install (at Frances' apartment). Frances said that she and Lehn were dating at the time of the incident and that they had a child together.

Describing the incident, Frances said Lehn tried to throw "a little piece of the alarm" at her but it did not hit her. In response, Frances "got mad" and threw a pen at Lehn, which hit him in the eye or on his eyebrow. At that point, she said Lehn threw the "duct tape," which she said was "almost completely gone," and she acknowledged was a "mostly used-up roll of duct tape." Sometime after that, Frances called the police "[j]ust to get [Lehn] out of the house"; she and her children were "in the car the whole time" while waiting for the police. Frances indicated that she told an officer that Lehn threw "a duct tape thing" at her and it hit her on her leg. Frances testified that she did not think Lehn intended to hurt her, and that she did not go to the hospital, nor did she need "stiches or Band-Aids or anything like that." When the State asked if it caused her pain, she answered, "I guess, yeah." She added that it caused redness to her leg. She stated that "the cops [were] trying to, like, make it, honestly, like pit us against each other, it felt like." The county court received into evidence exhibit 1, which Frances identified as the duct tape Lehn threw at her.

Wendy Baker, a law enforcement officer for the Grand Island Police Department, testified that she was on duty the night of December 11, 2016. She responded to the incident at Frances' apartment and briefly spoke to Lehn. According to Officer Baker, Lehn told her that "[h]e threw a piece of plastic toward [Frances], but he wasn't intending to hurt her, by any means." Officer Baker said she observed a "mark on [Frances'] left leg. Thigh"; the officer identified exhibit 3 (photograph) as a depiction of that "red mark." In the officer's experience, that depiction was "consistent with the roll of tape that [Frances] said was thrown at her."

After the State rested, Lehn testified. He said he was putting in an alarm system because his son "had learned how to do the deadbolt," so he put the alarm on so they would know when he was going outside. He claimed that he tossed a "little plastic piece that fell off" towards Frances, but he was just "trying to mess around," not hit or hurt her. Lehn denied throwing the roll of duct tape at Frances, hitting or threatening her, or causing the "red mark" on her. Lehn recalled talking to Officer Baker about how he did not intend to hurt Frances, and he recalled telling another officer there that he was "just kidding around" and had thrown "the plastic piece." Lehn acknowledged being upset when Frances hit him next to his eye with a pen; it made him mad, and after she had hit him in the face, he "started yelling and stuff like that."

The county court found that Lehn was "guilty of domestic assault." At the sentencing hearing on October 20, 2017, the county court sentenced Lehn to 30 days' imprisonment, with credit for time served. The county court allowed Lehn's appearance bond to serve as an appeal bond, since it was noted that an appeal would be filed.

Lehn appealed to the district court, assigning as errors that (1) the judgment was not supported by the evidence, (2) his sentence was arbitrary and capricious, and (3) his trial counsel

was ineffective. The district court entered an order on May 9, 2018, affirming the judgment of the county court, finding that "competent credible evidence" supported the judgment, and that Lehn's sentence was in the lower range of penalties and should be affirmed. The district court also denied Lehn's claim of ineffective assistance of trial counsel, stating that the record did not show that Lehn's trial counsel was deficient. Lehn appeals.

## ASSIGNMENTS OF ERROR

Lehn claims, restated and reordered, that (1) there was insufficient evidence to support the judgment, (2) the district court erred in affirming the county court's decision, (3) his sentence was arbitrary and capricious, and (4) he received ineffective assistance of trial counsel.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Golyar*, 301 Neb. 488, 919 N.W.2d 133 (2018). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

## ANALYSIS

### ERRORS ASSIGNED BUT NOT ARGUED

Lehn assigned as errors that the evidence was insufficient to support his conviction and that the district court erred by affirming the county court's decision. However, the "Arguments" section of his appellate brief does not contain a subsection addressing either of those assigned errors as required under Neb. Ct. R. App. P. § 2-109(D) (rev. 2014).

We note that in the "Summary of Argument" section of his brief, Lehn writes, "[t]he State's evidence fell short of proving [him] guilty of domestic assault, third degree. There was no showing that anything he did resulted in harm or injury to an intimate partner." Brief for appellant at 6. Further, he claims, "[t]he [d]istrict [c]ourt erred in affirming [his] conviction and [his] sentence." *Id*. Nowhere else in his brief is there any further argument for either of those issues. Lehn merely reiterated his assignments of error in his "Summary of Argument," but he neither cited to the record or legal authority, nor argued beyond conclusory and generalized assertions. Accordingly, these assigned errors have not been preserved for our review, and we do not address them any further. See, *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court); *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014) (argument that does little more than to restate assignment of error does not support assignment, and appellate court will not address it).

Lehn assigns that his sentence was excessive. The county court convicted him of domestic assault in the third degree (first offense) under Neb. Rev. Stat. § 28-323(1)(a) (Reissue 2016), which is a Class I misdemeanor under § 28-323(4). A Class I misdemeanor is punishable by a maximum of 1 year of imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). The county court sentenced Lehn to 30 days' imprisonment, with credit "for days served, to be determined by corrections." This sentence was certainly within the statutory range.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Leahy, supra*. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.*

At the sentencing hearing, the State admitted that although the assault in this case "was not the most egregious," it argued Lehn was "already on probation to the district court for strangulation of the same victim," had "continued to show disregard for the laws of the state of Nebraska," and had "an extensive criminal history." The State asserted that Lehn "was given an opportunity . . . to prove that he could follow the terms of probation and ha[d] in fact violated by once again striking the same victim." The State requested a term of incarceration. Lehn's trial counsel informed the court that Lehn maintained his innocence and that Lehn intended to file an appeal. He asked that Lehn be sentenced to a fine. Lehn personally addressed the court, stating that he had two children and could lose his job if he was incarcerated.

On appeal, Lehn argues that "due to the relatively minor nature of the event," his sentence of incarceration "exceeds that which is reasonable." Brief for appellant at 8. He asserts his sentence should have been probation. He contends that the county court did not consider relevant sentencing factors, considerations he deems are "a prerequisite when sentencing." *Id.* at 9.

However, a sentencing court is not required to make specific factual findings to justify the sentence imposed. See *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017). Further, the legal factors Lehn claims are a prerequisite when sentencing are merely factors that the law acknowledges are customarily considered during sentencing of a defendant; no factor is mandatory to review. See *State v. Leahy, supra*. Because the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life, a sentencing court is accorded very wide discretion in imposing a sentence. *State v. Rogers, supra*.

The record shows that, when convicting Lehn, the county court commented on its view of the nature of Lehn's offense:

> [T]his is a pretty typical situation that the [county c]ourt sees. Things get heated, arguments take place, injuries get caused; and the next morning when everything calms down, they want everything to go away. Unfortunately, that's the nature of domestic assault. It's kind

of the nature of the beast. And it is apparent to the [county c]ourt, based on the testimony and my judging of the credibility, that that's what occurred in this case.

As argued by the State at sentencing, while most of Lehn's "extensive criminal history" involved driving offenses or shoplifting offenses, "the most serious aspect of this case is the fact that [Lehn] had once again assaulted the same intimate partner that he's currently serving probation . . . on." Lehn was apparently already on probation "for strangulation of the same victim."

When reviewing Lehn's sentence, the district court noted that Lehn's sentence of 30 days was "in the lower range of possible penalties and should be affirmed." We find nothing inappropriate in the record, nor does Lehn direct us to anything, to suggest any improper considerations by the county court in determining Lehn's sentence. We conclude that the county court did not abuse its discretion in determining Lehn's sentence, and the district court properly affirmed it.

INEFFECTIVE ASSISTANCE OF COUNSEL

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). Otherwise, the issue will be procedurally barred. *Id*. Lehn's trial counsel was allowed to withdraw after sentencing; new counsel was appointed to represent Lehn on appeal to the district court and continues to represent him for this appeal.

On appeal to the district court, Lehn assigned as error that he was generally "denied effective assistance of counsel." At the hearing in the district court, Lehn's appellate counsel argued that Lehn's trial counsel stated at sentencing that Lehn had "some issues with not only the questions that were asked, but that [trial counsel] did not have some witnesses present." Lehn's appellate counsel wanted to "have a hearing on the ineffective assistance of counsel, whether or not these things would have made a difference had that evidence been brought up through -- probably would have been a couple other witnesses, and then some follow-up questions that need to be asked." Lehn's appellate counsel later said, "[T]here was more than one officer present . . . [t]hat's the officer -- one of the officers that [Lehn] is saying [trial counsel] should have called, because he probably had some different evidence."

The district court allowed each party to prepare a brief upon Lehn's appellate counsel's request to do so, apparently to address his assigned error of ineffective assistance of counsel. The district court's order suggests those briefs were submitted, but the briefs are not contained in our record. And the district court's order does not reveal any other details about the claim. It says, "[Lehn] argue[d] that his counsel was ineffective" and "[a] review of the record does not reveal that counsel was deficient in his performance and this basis for relief cannot prevail." Aside from what we summarized above, we do not have any other detailed information about what Lehn alleged on appeal to the district court as to how his trial counsel was ineffective.

In the present appeal, Lehn asserts that his trial counsel was ineffective for failing to (1) aggressively cross-examine Officer Baker regarding foundation for her opinion that the mark on Frances was consistent with being hit by a roll of duct tape, (2) object when Officer Baker opined

on the causation of the mark on Frances, (3) call as a witness the other officer who was at the scene on the night of the incident, or (4) argue any mitigation or point out inconsistent testimony in his closing argument. Except for the third-listed claim, our record does not reflect that those claims were specifically raised before the district court. See *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016) (defendant must make specific allegations of conduct that he or she claims constitutes deficient performance). All of those issues are claims against Lehn's trial counsel that Lehn would have been aware of at the time of his appeal to the district court, or even if he did not have that awareness, were apparent from the record. As a result, all but the third-listed claim are procedurally barred. See *State v. Casares, supra*. Accordingly, we turn our attention to the only ineffective assistance claim Lehn also raised in the district court: his trial counsel's failure to call as a witness the other officer who was at the scene on the night of the incident.

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Avina-Murillo*, 301 Neb. 185, 917 N.W.2d 865 (2018). However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *See id.* The determining factor is whether the record is sufficient to adequately review the question. *Id*. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *State v. Filholm, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Avina-Murillo, supra*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

During trial, Lehn indicated that there was "another officer" besides Officer Baker at the scene of the incident. He said he had talked to that "other officer" and told the "truth." He claimed he told "the other officer" "exactly" what happened--that he was "just kidding around about it, you know, like I'd thrown the plastic piece." On appeal, Lehn argues that the "other officer" had "talked to [Lehn] at the scene and presumably had information which could have been helpful" to Lehn. Brief for appellant at 9. His appellate brief contains no further argument about this claim.

Lehn does not describe what information this second officer had that would have resulted in a different outcome at trial. His claim that he told the second officer everything that happened would have resulted in testimony from that officer which would have merely reiterated Lehn's own testimony as to what he claimed had happened. Having an officer testify that Lehn told him he was just "kidding around" or that Lehn claimed to have only thrown a piece of plastic would have done nothing to contradict the other evidence presented. Further, Officer Baker testified that Lehn told her that "[h]e threw a piece of plastic toward [Frances], but he wasn't intending to hurt

her, by any means." Lehn does not assert that the second officer's testimony would have been any different than the testimony provided by Officer Baker or by Lehn himself. Therefore, even if we were to conclude that trial counsel's failure to call the second officer as a witness was somehow deficient, which we do not, Lehn could not establish prejudice because Lehn has not demonstrated a reasonable probability the result of the proceeding would have been different but for this alleged deficient performance by his trial counsel. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Avina-Murillo, supra*. The record is sufficient to conclude that this ineffective assistance of trial counsel claim has no merit.

CONCLUSION

For the reasons set forth above, we affirm Lehn's conviction and sentence.

AFFIRMED.